**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **JESSICA LYNN RICHERSON-CHAVIRA** | § | |
| | § | |
| **V.** | § | **A-08-CA-754 SS** |
| | § | |
| **SOCIAL SECURITY ADMINISTRATION** | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATED MAGISTRATE JUDGE**

TO:     THE HONORABLE SAM SPARKS
        UNITED STATES DISTRICT JUDGE

Before the Court are Plaintiff's Original Complaint seeking reversal of the final decision of the Social Security Administration, filed on October 16, 2008 (Clerk's Doc. No. 4), and Defendant's Answer, filed on December 22, 2008 (Clerk's Doc. No. 11). Also before the Court is the Social Security record filed in this case (Cited as "Tr."). The undersigned submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. § 636(b) and Rule 1(h) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

In this case, Plaintiff Jessica Lynn Richerson-Chavira appeals from the Administrative Law Judge's ("ALJ") determination that she is not "disabled." However, Plaintiff has failed to submit any brief in support of reversal; thus, she has not presented any issues for review.[1] The Court will therefore review the ALJ's decision for plain error based on the record before the Court.

---

[1]On March 5, 2009, after Plaintiff failed to submit her brief on the date it was due, the Court issued an order explaining that Plaintiff would have until March 20, 2009, to file her brief in support, and that if nothing was submitted by that date, the Court would reach its decision based on the record before it. *See* Clerk's Doc. No. 14. The Court has since let several months pass, and Plaintiff has still failed to submit a brief.

# I.  GENERAL BACKGROUND

On October 3, 2005, Jessica Lynn Richerson-Chavira (hereinafter referred to as "Plaintiff" or "Richerson-Chavira") filed an application for supplemental security income under Title XVI of the Social Security Act (Tr. 72).  Her claim was initially denied by Notice dated February 9, 2006 (Tr. 56), and again by Notice of Reconsideration dated September 25, 2006 (Tr. 47).  Richerson-Chavira timely filed a request for a hearing by an ALJ on October 18, 2006 (Tr. 45).  ALJ Margarite Lokey conducted a hearing on October 29, 2007 (Tr. 327).  The ALJ subsequently issued a "Notice of Decision - Unfavorable" on March 27, 2008, finding that Richerson-Chavira was not disabled within the meaning of the Act (Tr. 10–21).  The Appeals Council declined Plaintiff's Request for Review by Notice dated August 4, 2008, making it the Final Decision of the Commissioner (Tr. 3–5).  On October 6, 2008, Plaintiff brought the instant action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner denying Plaintiff benefits under the Act.

# II.  FINDINGS OF THE ALJ

On October 29, 2007, Administrative Law Judge Margarite Lokey held a hearing on Plaintiff's application for benefits.  Richerson-Chavira testified at the hearing and was represented by her attorney, Jason Castano (Tr. 327).[2]  Calvin Turner, a vocational expert, also appeared and testified at the hearing (Tr. 368–372).

The ALJ found that Richerson-Chavira has the following severe combination of impairments: petit mal epilepsy, urinary incontinence, chronic obstructive pulmonary disease, obesity, hypertension, history of polysubstance abuse, and bipolar disorder (Tr. 15).  The ALJ then found that Richerson-Chavira does not have an impairment or combination of impairments that meet or

---

[2]Plaintiff is proceeding pro se in this appeal.

medically equal one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 15). After careful consideration of the entire record, the ALJ found that Richerson-Chavira has the residual functional capacity to lift and carry up to 10 pounds, and to stand or walk for at least 2 hours in an 8 hour day. The ALJ further found that Richerson-Chavira's ability to sit at work is not compromised by her impairments, but she cannot climb or crawl, or work around dangerous machinery, heights, or excessive pollutants. Richerson-Chavira can occasionally stoop and crouch. Finally, the ALJ noted that Richerson-Chavira requires simple repetitive work with only incidental contact with others. (Tr. 18). After considering Richerson-Chavira's age, education, work experience, and residual functional capacity, the ALJ found that she was capable of performing other jobs that exist in significant numbers in the national economy (Tr. 20). Accordingly, the ALJ found that Richerson-Chavira was not disabled as defined in the Act (Tr. 21).

## III.  ANALYSIS

In Social Security disability appeals, the limited role of the reviewing court is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether the Commissioner applied the proper legal standard. *Kinash v. Callahan*, 129 F.3d 736, 738 (5th Cir. 1997); *Brock v. Chater*, 84 F.3d 726, 728 (5th Cir. 1996); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). "Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Villa v. Sullivan*, 895 F.2d 1019, 1021-22 (5th Cir. 1990) (quoting *James v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983)).  Courts weigh four elements of proof when determining whether there is substantial evidence of a disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) the claimant's subjective evidence of pain and disability;

and (4) the claimant's age, education, and work history. *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995). However, the reviewing court cannot re-weigh the evidence, but may only scrutinize the record to determine whether it contains substantial evidence to support the Commissioner's decision. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995). "The Commissioner, rather than the courts, must resolve conflicts in the evidence." *Martinez*, 64 F.3d at 174. If supported by substantial evidence, the Commissioner's findings are conclusive and are to be affirmed. *Crowley v. Apfel*, 197 F.3d 194, 197 (5th Cir. 1999).

Because Plaintiff did not submit a brief setting forth the errors which she contends entitle her to relief, the Court reviewed the record for plain error. *See Thomas v. Tex. Dep't of Crim. Justice*, 297 F.3d 361, 365 (5th Cir.2002). To meet this standard, a party must show "(1) that an error occurred; (2) that the error was plain, which means clear or obvious; (3) the plain error must affect substantial rights; and (4) not correcting the error would 'seriously affect the fairness, integrity, or public reputation of judicial proceedings.'" *Taita Chem. Co. v. Westlake Styrene, LP*, 351 F.3d 663, 668 (5th Cir.2003). It appears that the ALJ's conclusions, summarized above, are supported by substantial evidence in the record, and are not plainly erroneous. Having found no plain error in the decision, the undersigned will recommend that the decision of the Commissioner be affirmed.

## RECOMMENDATION

The undersigned finds that the Commissioner's decision is supported by substantial evidence and correctly applies the relevant legal standards. Accordingly, the undersigned Magistrate Judge **RECOMMENDS** that the District Judge **AFFIRM** the decision of the Commissioner in this case and **ENTER JUDGMENT** in favor of the Defendant.

## WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *Battles v. United States Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 24th day of August, 2009.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE